UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ERIC HRDLICKA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:21-cv-00033-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| JAMES E. BRUCE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

When Plaintiff Eric Hrdlicka defaulted on a personal loan, collection attorney James E. Bruce filed suit against him on behalf of Lendmark Financial Services, LLC.  Though the collection suit was eventually dismissed with prejudice, Mr. Hrdlicka now contends that several of Mr. Bruce's efforts to collect violated the Fair Debt Collection Practices Act.  [R. 8.]  Before the Court is Mr. Bruce's Motion to Dismiss.  [R. 10.]  For the reasons that follow, the Motion [R. 10] is **GRANTED** in part and **DENIED** in part.

**I**

In July 2020, Plaintiff Eric Hrdlicka entered into a personal loan with Lendmark Financial Services, LLC.  [R. 8 at 2.]  Mr. Hrdlicka's loan "was a precomputed finance charge loan that included a liquidated finance charge […] added to the loan principal up front," and "was secured by a lien on [his] 2007 Chevrolet Silverado."  *Id.*  Later in 2020, Mr. Hrdlicka was involved in a vehicular accident that totaled his Silverado.  *Id.*  Mr. Hrdlicka's vehicle insurance provider subsequently "paid Lendmark by check" the value of his Silverado which covered a large portion of his loan's balance.  *Id.*  By January 2021, however, the remaining portion of the loan remained unpaid and Lendmark declared it in default.  *Id.*  On January 29, Defendant James

E. Bruce, on behalf of Lendmark, filed a collection suit complaint against Mr. Hrdlicka in the Shelby County Circuit Court.  [R. 8-2.]  According to the state court docket sheet in the collection suit, Mr. Hrdlicka filed a *pro se* answer on February 12.  [R. 8-3.]  On March 8, despite Mr. Hrdlicka's appearance in the matter, Mr. Bruce filed a Motion for Default Judgment and a Motion for Attorney's Fees, in which he certified that Mr. Hrdlicka had "fail[ed] to plead or otherwise defend against the action."  [R. 8 at 3; R. 8-5.]  Mr. Bruce did not serve either motion on Mr. Hrdlicka.  [R. 11 at 2.]  Seemingly based on Mr. Bruce's representation, the Shelby Circuit Court granted default judgment and found Mr. Bruce's requested attorney's fees reasonable on March 24.  [R. 8-4; R. 10-1.]

Having been awarded default judgment, Mr. Bruce next filed and served a wage garnishment on Mr. Hrdlicka's employer.  [R. 8 at 4.]  Mr. Hrdlicka responded with a wage garnishment challenge "on grounds that the Default Judgment failed to give him full and proper credit for the […] insurance payment for the totaled Silverado."  [R. 8-7 at 2-3.]  Mr. Bruce opposed the challenge.  Upon review, the state court vacated its entrance of default judgment and ordered Lendmark to engage in contractually obligated arbitration.  [R. 8 at 5; R. 10 at 23.]  Because Lendmark "fail[ed] to initiate arbitration proceedings" within sixty days, however, the court ultimately dismissed the collection suit against Mr. Hrdlicka with prejudice.  [R. 10 at 24.]

Now, Mr. Hrdlicka has filed suit against Mr. Bruce.  In his Complaint, Mr. Hrdlicka alleges that Mr. Bruce violated various portions of the Fair Debt Collections Act by improperly seeking default judgment, failing to serve his motion for default judgment, opposing his wage garnishment challenge, and requesting disingenuous attorney's fees.  [*See* R. 8 at 11-12.]  In opposition, Mr. Bruce moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  [R. 10.]  Mr. Bruce specifically contends that Mr. Hrdlicka neither has Article III

standing to bring his claims nor states a claim upon which relief may be granted. *Id.* This matter is now ripe for review.

## II

## A

An initial matter is the question of standing. *Town of Chester, N.Y. v. Laroe Estates*, Inc., 137 S. Ct. 1645, 1650, 198 L. Ed. 2d 64 (2017) ("a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought") (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)); *see also DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2006). Standing is a threshold inquiry in every federal case that may not be waived by the parties. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Planned Parenthood Ass'n of Cincinnati, Inc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). "To satisfy the 'case' or 'controversy requirement' of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered an 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154 (1997) (citations omitted).

Plaintiffs' injury-in-fact must be both particularized and concrete. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks omitted). Further, a "concrete" injury is a de facto injury that actually exists. *Id.* Finally, "a plaintiff must also establish, as a prudential matter, that he or she is the proper proponent of the rights on which the action is based." *Haskell v. Washington Twp.*, 864 F.2d 1266, 1275 (6th Cir. 1988) (citations omitted).

3

In his Complaint, Mr. Hrdlicka alleges that Mr. Bruce violated various portions of 15 U.S.C. §§ 1692e and 1692f by filing for "erroneous entry of default," causing him to lose the use of funds wrongfully garnished and withheld from him during the pendency of his wage garnishment proceedings, by causing "interest on wrongfully garnished funds," and by moving for improper attorney's fees.  [R. 8 at 12.]

In opposition, Mr. Bruce contends that Mr. Hrdlicka cannot establish standing for three reasons.  [R. 10 at 21-25.] First, Mr. Bruce argues that even "[t]aking the Amended Complaint as true and assuming Mr. Hrdlicka actually suffered [damages]," the damages "were all caused by the entry of Judgment by the Shelby Circuit Court," not his motion requesting default judgment. *Id.* at 24.  Second, Mr. Bruce contends that any damages that Mr. Hrdlicka allegedly suffered dissipated upon the dismissal of his collection suit with prejudice.  *Id.* ("Due to a dismissal with prejudice of the [lawsuit], Mr. Hrdlicka will never be forced to pay those amounts […].  [T]he result of the [lawsuit] appears to have actually benefitted Mr. Hrdlicka.").  Third, Mr. Bruce argues that standing cannot alternatively be established by pointing to "a statutory violation, by itself."  *Id.* at 21-23 (citing *Bucholz v. Tanick*, 946 F.3d 855, 867 (6th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)) ("a bare procedural violation, 'divorced from any concrete harm,' cannot satisfy Article III's injury-in-fact requirement, even if the plaintiff has a statutory basis for litigating the claim in federal court.").

In response, Mr. Hrdlicka argues that Mr. Bruce's "false representations that [he] failed to plead or defend" against the collection lawsuit caused him both particularized and concrete injuries.  [R. 11 at 21.]  Mr. Hrdlicka specifically contends that, by indicating that he had not answered the collection lawsuit complaint and by failing to serve the motion for default, he had to "go to the time, effort, and expense of a) filing the wage garnishment challenge, and b) mov[e]

to vacate the default judgment," as well as having "lost the use of garnished funds." *Id.* at 22.

Mr. Hrdlicka further challenges Mr. Bruce's shifting of blame onto the state court and cites a

ruling in which a circuit court sanctioned a different collection agency represented by Mr. Bruce

after it included an inaccurate statement in its request for default judgment. [*Id.* at 23; R. 11-1 at

3.] In that case, the circuit court indicated that "collection actions […] place a heavy burden on

the Court's docket and workload. Consequently, courts rely on the representations of counsel to

be true, accurate, and correct in connection with moving default judgment." *Id.* Accordingly,

Mr. Hrdlicka argues that, because the state court relied on Mr. Bruce's representation, he cannot

now argue that he is not to blame for its error. *See id.* Mr. Hrdlicka did not respond to Mr.

Bruce's contention that an injury could not be alternatively established by a statutory violation of

the FDCPA itself. [*See* R. 11 at 20-25.]

Upon review, the Court finds that Mr. Hrdlicka has properly pled standing. First, Mr.

Hrdlicka has sufficiently alleged the that he was monetarily harmed by Mr. Bruce's request for

default judgment, failure to serve, and request for wage garnishment. Despite Mr. Bruce's

argument that the state court, not he, caused Mr. Hrdlicka's injuries by entering default

improperly, the court entered default upon Mr. Bruce's request and indication that Mr. Hrdlicka

had "failed to plead or otherwise defend" against the collection lawsuit. [R. 8-5 at 1.] Mr.

Hrdlicka has therefore sufficiently pled that Mr. Bruce caused him monetary injury by

attempting to garnish his wages and by causing him to lose access, at least temporarily, to money

rightfully owed to him by his employer. [R. 8 at 12.] *See TransUnion LLC v. Ramirez*, 141 S.

Ct. 2190, 2198 (2021) ("Physical or monetary harms readily qualify as concrete injuries under

Article III […]"); *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 697 (8th Cir. 2017)) ("An

erroneous garnishment does not mislead a consumer; it deprives him or her of property in

5

violation of the law.").  The Court notes, however, that neither party sufficiently briefed whether Mr. Hrdlicka's successful garnishment challenge remedied his monetary injury and negated standing or whether standing can be maintained because the Mr. Hrdlicka's funds were held in abeyance because of the garnishment request.

Regardless, Mr. Hrdlicka's alleged monetary injuries are not unilaterally dispositive in the standing analysis because FDCPA procedural violations can also cause intangible injuries.  In *Spokeo*, the Supreme Court held that some violations of statutes "open the door to federal court," even if the statutory violation is only procedural.  *Bucholz*, 946 F.3d at 867 (citing *Spokeo*, 578 U.S. at 342) ("The upshot of *Spokeo* is that not *all* procedural violations open the door to federal court.  But *some* do, even when the procedural violation causes only an intangible injury.").

In *Bucholz*, the Sixth Circuit characterized procedural violations that cause intangible injuries as those which violate "a procedural right that protects a concrete interest."  946 F.3d at 868.  To determine whether a violation of procedural right that protects a concrete interest has occurred, the Sixth Circuit, in reliance on *Spokeo*, mandates consideration of two factors: (1) congressional judgment and (2) the common law.  *Id.* at 868.  ("Because Congress is 'well positioned to identify intangible harms […]' we look to 'whether Congress conferred the procedural right in order to protect an individual's concrete interests.'" […] "An intangible harm that is analogous to a harm recognized at common law signals the harm is cognizable.") (internal citations omitted).  The Sixth Circuit further explains that when a violation of a procedural right that protects a concrete interest occurs, "the plaintiff 'need not allege any *additional* harm beyond the one Congress has identified.'" *Id.* (citing *Spokeo*, 578 U.S. at 342).

In this matter, Mr. Hrdlicka has standing to bring claims under both Section 1692f and Section 1692e because he has sufficiently pled the existence of intangible injuries.  First, Mr.

Hrdlicka's Section 1692f claims resemble the violations analyzed by the Eighth Circuit in *Demarais*, 869 F.3d at 685.  In *Demarais*, a debt-collection agency chose to not file for default judgment upon a consumer's failure to answer its complaint and, instead, "asked the court to set the case for trial, thinking that the consumer would not appear."  *Id.* at 690.  But when the consumer did appear at trial, the agency "moved to dismiss [its] claim with prejudice" because it had not actually prepared for trial.  *Id.*  Nonetheless, despite the dismissal of its claims, the agency later "sent the consumer a letter demanding payment on the debt [...]."  *Id.*  Upon review, the Eighth Circuit found the debt-collection agency's letter to constitute a violation of 15 U.S.C. § 1692f(1) because it had tried to collect a debt not "permitted by law."  *Id.* at 691-92.  And, under *Spokeo*, the Circuit found the agency's unlawful attempt to collect debt not permitted by law to constitute both a congressionally identified harm and a harm that resembled those embodied by the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process.  *Id.* at 691.

In this matter, Mr. Hrdlicka alleges that Mr. Bruce improperly moved for default judgment, attempted to use the court's faulty entrance of default judgment to garnish his wages, and sought attorney's fees not owed.  [R. 11 at 21-25; R. 8-5.]  Though Mr. Bruce had been granted default judgment and attorney's fees when he filed for garnishment, Mr. Hrdlicka has sufficiently pled that the default judgment and award of fees was faulty and therefore did not create the existence of debt "permit[ted] by law."  That is, Mr. Hrdlicka contends that because proper judgment was not entered, his debt was not adjudged to be "owed" to Lendmark. Consequently, Mr. Hrdlicka has sufficiently pled that Mr. Bruce's actions in reliance on the award of a faulty judgment were improper under Section 1692f.  *See Demarais*, 869 F.3d at 697 ("A debt collector might 'collect[] . . . any amount' 'not expressly authorized by the agreement

creating the debt or permitted by law,' when it garnishes a consumer's wages despite having no judgment against her. […] An erroneous garnishment does not mislead a customer; it deprives him or her of property in violation of the law.") (citing *Scott v. Portfolio Recovery Assocs., LLC*, 139 F. Supp. 3d 956, 961 (S.D. Iowa. Oct. 16, 2015)); *see also* K.R.S. § 425.501 (indicating that garnishment in Kentucky may not occur unless a person receives a "final judgment in personam.").[1]

Mr. Hrdlicka also has standing to bring claims under Section 1692e.  In his Complaint, Mr. Hrdlicka alleges that Mr. Bruce falsely represented to the state court that he had failed to answer the collection complaint and falsely represented the amount of attorney's fees owed. Section 1692e forbids debt collectors from using false representations to collect on a debt.  A violation of this proscription also establishes an intangible injury giving rise to Article III standing.  *See* 15 U.S.C. 1692e; *Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 at *11-*14 (C.D. Ill. Oct. 7, 2016) ("a violation of the right under § 1692e to be free from false or misleading representations from debt collectors creates a harm, or risk of harm, sufficient to meet the requirements of concreteness) (collecting cases and citing *Spokeo*, 578 U.S. at 340-43).

---

[1] Mr. Hrdlicka's debt was not "permitted by law" because no binding judgment was entered declaring his debt as owed.  While Section 1692f(1) also permits the collection of any amount "expressly authorized by the agreement creating the debt," it is unclear at this stage the exact amount of money Mr. Hrdlicka's loan document permitted to be collected from him upon default, whether the loan document required the existence of a court-ordered judgment to collect against defaulting accounts, how the document's arbitration agreement impacts this analysis, or whether this phrase is to be widely read as to preclude FDCPA violations when an amount is contractually agreed upon but has not been adjudged owed by a court.  [R. 10 at 3.]  This lack of clarity is primarily caused by default judgment being entered before Mr. Hrdlicka had an opportunity to present a defense against collection and due to a lack of briefing by either party on the intangible injury component of the FDCPA standing analysis.  Accordingly, dismissal for lack of standing is inappropriate at this stage of litigation.

While the Court recognizes that Mr. Bruce's request for default judgment and subsequent actions taken in reliance on the court's grant of default may have been caused by negligence and not intention, the FDCPA is "broadly recognized […] as a strict-liability statute" that "gives rise to liability" even where errors were made in good-faith.[2] *Gamby v. Equifax Info. Servs. LLC*, 462 Fed. Appx. 552, 556 (6th Cir. 2012). In his Complaint, Mr. Hrdlicka alleges that Mr. Bruce attained a faulty default judgment through seemingly misrepresenting that he had not filed an answer. Accordingly, Mr. Hrdlicka has sufficiently pled that Mr. Bruce sought the collection of a debt not permitted by law, particularly when viewed through a lens of strict liability.[3] Consequently, the Complaint sufficiently alleges that Mr. Bruce's actions created intangible injuries both congressionally adjudged and recognized by the common law. *Id.* ("Congress ha[s] 'identified a harm—being subjected to attempts to collect debts not owed"; "being asked to pay a debt not owed [] resembles 'the harm suffered by victims of the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process.'") (internal citations omitted); *see also Hayes*, LEXIS 139743 at *11-*14 (collecting cases). As a result, based on the

---

[2] The FDCPA establishes a "bona fide error" defense that shields a debt collection from liability for violating the FDCPA in certain instances. 15 U.S.C. § 1692k. But the bona fide error defense does not negate the existence of standing. *See Durthaler v. Accounts Receivable Mgmt.*, 854 F. Supp. 2d 485, 493 (S.D. Ohio April 9, 2012) ("even if the Plaintiff possesses standing…. […] the Defendant is entitled to the bona fide error defense.").

[3] The Court further notes that there is a factual dispute in this matter as to whether and when Mr. Hrdlicka properly answered the collection lawsuit complaint. Though the state court docket sheet indicates that an answer was filed, the answer is physically dated two days before Mr. Hrdlicka was served, and the state court's own filing date on the document is listed as over a year before the initiation of the suit. To add further confusion, the state court granted default judgment—presumably based on Mr. Bruce's representation that no answer was present—but with full access to the docket sheet that indicated an answer had been filed. [*See* R. 8-3, 8-4, 8-6.] Accordingly, the Court's standing analysis could be altered at summary judgment if it is established that Mr. Hrdlicka, in fact, had not answered the collection lawsuit complaint when Mr. Bruce moved for default judgment. But the parties are advised to keep in mind the limitations on this Court's ability to second-guess the actions of a state court.

facts established at this stage in litigation, Mr. Hrdlicka has properly established Article III standing.[4]

**B**

The Court next turns to Mr. Bruce's argument that Mr. Hrdlicka fails to state claims upon which relief may be granted.  [R. 10 at 12-20.]  A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint.  In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences."  *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, was enacted to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt

---

[4] Standing is present despite the eventual discharge of Mr. Hrdlicka's debt.  *Compare with Hagy v. Demers & Adams*, 882 F.3d 616 (6th Cir. 2018) (finding no intangible injury when an attorney failed to identify himself as a debt collector over the phone because the debt collector's efforts ultimately led to the settlement of the debt and thereby eliminated any harm).  Here, Lendmark's later decision to not engage in arbitration led to the discharge of Mr. Hrdlicka's debt.  Thus, it cannot be said that Mr. Bruce's actions proximately caused Mr. Hrdlicka's debt to be discharged.  Nonetheless, it must be noted that the resolution of various factual disputes in this matter may later impact the Court's standing analysis.

collectors." It is "extraordinarily broad." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008). Thus, the FDCPA "prohibits a wide array of specific conduct," as well as "in general terms, any harassing, unfair, or deceptive debt collection practice." S. Rep. No. 95-382, at 4. Mr. Hrdlicka's Complaint alleges various violations of the FDCPA by Mr. Bruce. [R. 8 at 11-12.] And he seeks relief against Mr. Bruce under §§ 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1) for requesting attorney's fees, moving default judgment, failing to serve his motion for default judgment, and responding in opposition to the wage garnishment challenge. *Id.*

The Sixth Circuit has adopted the "least-sophisticated-consumer" test for identifying conduct that violates the FDCPA. *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 439 (6th Cir. 2008). This is an objective standard designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* (internal citations omitted). If Mr. Hrdlicka's claims under the FDCPA are to survive Mr. Bruce's Motion to Dismiss, Mr. Hrdlicka must have plead facts that allow this Court to infer that Mr. Bruce's conduct could have mislead the least sophisticated consumer.

## 1

Mr. Hrdlicka first claims that Mr. Bruce violated Sections 1692e2(A), 2(B), (10), and Section 1692f and (1) by requesting an award of attorney's fees of $2,162.69. The Court will first examine the sufficiency of the pleading of Mr. Hrdlicka's Section 1692e attorney's fees claims. Under Section 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether an action is false, deceptive, or misleading "is based on whether the 'least sophisticated consumer' would be misled[.]" *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323. 326 (6th Cir.

2012) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)).  A statement must also be materially false or misleading to violate Section 1692e.  *Id.* at 327 ("… in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer.").  Section 1692e contains a non-exhaustive list of ways in which it might be violated.  Mr. Hrdlicka points to subparts (2)(A), (2)(B), and (10), which prohibit:

> (2) The false representation of—
>
>> (A) the character, amount, or legal status of any debt; or
>>
>> (B) any services rendered or compensation which may be lawfully
>>
>> received by any debt collector for the collection of a debt;
>
> ….
>
> (10) The use of any false representation or deceptive means to collect or attempt
>
> to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A), 2(B), (10).

Section 1692e(2) is specifically concerned with false representations concerning the *amount* of debt owed.  Mr. Hrdlicka's Complaint alleges that Mr. Bruce violated subparts 2(A) and (B) by falsely representing to the state court that he was entitled to an award of "attorney's fees in the amount of one-third of the amount sued for." [R. 8 at 12.]  Upon entering faulty default judgment, the state court adjudged Mr. Hrdlicka as owing $6,488.09 to Lendmark. [R. 8 at 5.]  In his request for attorney's fees, Mr. Bruce indicated to the court that he had spent .85 hours on the suit and had technically only performed work amounting to $212.50. [R. 8 at 7.]  Despite acknowledging that the minimal hours he worked on the matter, however, Mr. Bruce requested $2,162.69 in attorney's fees, or one third of Mr. Hrdlicka's adjudged debt. *Id.* at 10.  In support of his request, he characterized collection cases as "very time consuming," explained

that his fee is "contingent [...] [on] collect[ing] the money," and explained that "[t]he fee requested is the same fee that [he] charges to [Lendmark]." *Id.* at 6-7.  The state court approved Mr. Bruce's request and awarded him the full amount of his request.  [R. 10 at 18.]  And in doing so, it explicitly indicated that it found the amount of Mr. Bruce's requested fees "to be reasonable." *Id.*

In support of his claim that Mr. Bruce's request of attorney's fees violated subparts 2(A) and (B) of Section 1692e, Mr. Hrdlicka first argues that the request was a false representation of fees that could be "lawfully received" because Lendmark's one-third of the debt fee arrangement with Mr. Bruce violated KRS § 286.4-533.  Under Section 286.4-533, a court may award "[a] reasonable attorney's fee, in connection with the collection of a loan, *actually incurred* by the licensee and paid to an attorney who is not an employee of the licensee." KRS § 286.4-533.  Mr. Hrdlicka argues that Lendmark's fee arrangement with Mr. Bruce, and the court's subsequent approval of the agreement, "violates express Kentucky law and the FDCPA" because Lendmark had not "actually incurred" $2,162.69 in fees from the work Mr. Bruce performed and, instead, had only incurred $212.50.  [R. 11 at 15-16.]

Next, Mr. Hrdlicka cites *Bradley v. Franklin Collection Serv., Inc.*, in which the Eleventh Circuit found that a one-third debt collection agreement between a lender and its attorney violated the FCPA "[b]ecause there was no express agreement between [the lender and borrower] allowing for collection of the [fee]." 739 F.3d 606, 610 (11th Cir. 2014).  In this matter, Mr. Hrdlicka argues he and Lendmark had not explicitly contracted to permit Mr. Bruce to collect one third of his debt.  So, like in *Bradley,* Mr. Hrdlicka argues that Mr. Bruce's request violated the FDCPA.  [*See* R. 11 at 16-18.]

In response, Mr. Bruce argues that "Mr. Hrdlicka agreed to pay reasonable attorney's fees in the event he defaulted," and that "it was entirely within the Shelby Circuit Court's discretion to determine whether the requested amount was 'reasonable' or whether a different amount should be awarded."  [R. 10 at 18 (citing *Miller v. McGinity*, 234 S.W.3d 371, 373 (Ky. Ct. App. 2007).].  Mr. Bruce further argues that Mr. Hrdlicka's claims regarding his request for attorney's fees are not actionable because "the FDCPA does not address the reasonableness of attorney's fees awarded as a cost of collection or provided as part of a settlement agreement; instead, the FDCPA examines whether a false representation occurred."  *Hawkins v. Bruce*, 2021 U.S. Dist. LEXIS 66149, at *32-*33 (W.D. Ky. April 5, 2021).  Finally, Mr. Bruce contends that his motion for fees was simply a "prayer for relief" that the circuit court could have rejected—not a "false representation."  [R. 10 at 19-20 (citing *Hawkins*, LEXIS 66149 at *29 ("[t]he prayer for relief is not a demand to Hawkins himself; instead, it is nothing more than a recommendation or suggestion to a third party—the court—for consideration, and does not prevent the court from exercising its discretion to award attorney's fees based on its own evaluation of the facts.").

Mr. Bruce is correct.  First, Mr. Hrdlicka's interpretation of KRS § 286.4-533 is too narrow.  Though he argues that Lendmark did not "actually incur" $2,162.69 in attorney's fees because the amount of work Mr. Bruce completed did not total that amount, Lendmark contracted with Mr. Bruce and promised him a collection of one-third of the amount of Mr. Hrdlicka's debt.  [R. 8 at 7.]  Accordingly, Lendmark's agreement with Mr. Bruce did make it liable for one third of Mr. Hrdlicka's debt to Mr. Bruce and it thereby "actually incurred" that debt.  Further, Mr. Hrdlicka's reliance on *Bradley* is unpersuasive.  Though the Court in *Bradley* found a one-third fee arrangement to be a violation of the FDCPA, it expressly indicated that the violation occurred because the fees were added to a plaintiff's balance when he had not agreed to

14

a fee-shifting arrangement with his lender. *See* 739 F.3d at 610. But, unlike Bradley, the court explained that Bradley's co-plaintiff "declined to argue on appeal that the agreement that he had […] did not cover [the] percentage-based collection fee" because he had agreed to pay "reasonable collection agency fees." *Id.* Here, Mr. Hrdlicka agreed to pay reasonable attorney's fees and the state court determined Mr. Bruce's request to be reasonable. Accordingly, Mr. Bruce's request was not in violation of the FDCPA because it was not in conflict with the terms of Mr. Hrdlicka's loan note.

Finally, Mr. Hrdlicka "fails to allege that he, or the least sophisticated debtor, did, or would have, perceived [Mr. Bruce's request for attorney's fees] as false […]" because his loan note permitted an award of reasonable fees. *Hawkins*, LEXIS 66149 at *29. Here, Mr. Bruce did not unilaterally demand an amount of fees. Instead, he simply asked the court to "exercise its discretion to award attorney's fees based on its own evaluation of the facts." *Id.* Accordingly, Section 1692e(2)(A) and (B)'s proscription against making "false representations" were not violated. Ultimately, because Mr. Hrdlicka fails to provide facts which plausibly give rise to a violation of Section 1692e(2)(A) or (B), those claims are dismissed.

Mr. Hrdlicka's claim under Section1692e(10) fails for the same reasons. Subpart 10 forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Here, Mr. Bruce did not falsely represent that he was owed attorney's fees in excess of $212.50. Instead, he requested the court to grant him fees of $2,162.69 based on topics like his contract with Lendmark, the "time sensitive" nature of debt collection cases, and the fact that he only "get[s] paid if [he] collects the money, not obtain[s] a judgment." [R. 8 at 8-9.] The state court reviewed his request and deemed it reasonable. Accordingly, because "the FDCPA does not

address the reasonableness of attorney's fees awarded as a cost of collection or provided as part

of a settlement agreement" and, instead, "examines whether a false representation occurred," Mr.

Hrdlicka has failed to state a plausibly actionable claim under Section 1692e(10) based on Mr.

Bruce's request for attorney's fees.[5]  *Hawkins v.* LEXIS 66149 at *32-*33.

## 2

Mr. Hrdlicka also claims that Mr. Bruce's request for attorney's fees violated Section

1692f and (1).  Section 1692f prohibits unfair or unconscionable means to collect or attempt to

collect any debt.  15 U.S.C. § 1692f.  In his Complaint, Mr. Hrdlicka specifically cites subpart

(1) but also relies on Section 1692f generally. Subpart (1) prohibits "[t]he collection of any

amount (including any interest, fee, charge, or expense incidental to the principal obligation)

unless such amount is expressly authorized by the agreement creating the debt or permitted by

law."  15 U.S.C. § 1692f(1); *compare with* 15 U.S.C. 1692f ("A debt collector may not use

unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the

general application of the foregoing, the following conduct is a violation […].").

Though Mr. Hrdlicka does not clearly specify which actions committed by Mr. Bruce

violated Section 1692f and (1), these sections generally deal with the use of abusive practices to

collect debt.  And subpart (1) specifically prohibits the collection of amounts not authorized by

contract or law.  *See* 15 U.S.C. § 1692f(1).  Consequently, in large reliance on his argument

under Section 1692e that Mr. Bruce's request violated Kentucky law, the Courts surmises that

---

[5] The Court also notes that Mr. Hrdlicka suggests Mr. Bruce's request for fees was based on a
false representation because he had no indication that it would take him an excessive amount of
time to collect in this matter because Mr. Hrdlicka was employed and could have had his wages
easily garnished.  [R. 8 at 12.]  But, in his request, Mr. Bruce talked about the general nature and
difficulties debt collections cases present—and the state court found his request reasonable.  An
FDCPA claim predicated under Section 1692e(10) is not maintained by disputing the
reasonableness of an attorney's request for fees.  *Hawkins*, LEXIS 66149 at *32-*33.

Mr. Hrdlicka similarly believes that, under Section 1692f(1), Mr. Bruce's request for attorney's fees was unlawful and therefore not authorized by contract or law. But, as discussed above, Mr. Bruce's request did not violate Kentucky law because Lendmark's agreement with Mr. Hrdlicka permitted the collection of reasonable fees upon default and its agreement with Mr. Bruce rendered it liable to him in the amount of one third of Mr. Hrdlicka's debt. [R. 11 at 15-16.] Accordingly, the request of those fees was "expressly authorized by the agreement creating the debt or permitted by law," and were deemed reasonable by the state court. As a result, Mr. Hrdlicka has failed to state a claim under Section 15 U.S.C. § 1692f(1).

Similarly, Mr. Hrdlicka general Section 1692f claim premised on Mr. Bruce's request for attorney's fees must be dismissed for failure to state a claim. This is because Mr. Bruce did not "use unfair or unconscionable means to collect or attempt to collect [Mr. Hrdlicka's] debt." 15 U.S.C. § 1692f. Instead, Mr. Bruce moved for the state court to award him fees and explained why he believed the amount of his requested fees were reasonable. [*See* R. 8 at 8-9.] In general, "employing the court system [...] is not an abusive tactic under the FDCPA." *Harvey v. Great Seneca Fin. Corp.*, 53 F.3d 324, 330 (6th Cir. 2006). And, as discussed previously, "the FDCPA does not address the reasonableness of attorney's fees awarded as a cost of collection or provided as part of a settlement agreement [...]." *Hawkins*, LEXIS 66149 at *32-*33. Accordingly, Mr. Hrdlicka has failed to plead facts which give rise to the plausibility that Mr. Bruce acted unfairly or unconscionably in violation of Section 1692f.

**3**

Mr. Hrdlicka next claims that Mr. Bruce's collection efforts violated Sections 1692e(5),

1692e(10), and 1692f .  [R. 8 at 11-12.]  The Court will first examine whether Mr. Hrdlicka has

properly stated a claim under Sections 1692e(5) and (10).  Section 1692e prohibits the use of

"any false, deceptive, or misleading representation or means in connection with the collection of

any debt."  15 U.S.C. § 1692e.  Under subpart (5), a debt collector may not use "[t]he threat to

take any action that cannot legally be taken or that is not intended to be taken" to collect a debt.

*Id.* at (5).  Similarly, under subpart (10), a debt collector may not use "any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer."  *Id.* at (10).

Mr. Hrdlicka alleges that Mr. Bruce violated subparts (5) and (10) by improperly moving

for default, failing to serve the default motion, and opposing his garnishment challenge.  [R. 8 at

11-12.]  In opposition, Mr. Bruce argues that improperly filing for default judgment and failing

to serve his motion were "at worst […] procedural errors in state court that [were] quickly

remedied" and are therefore not actionable under the FDCPA.  [R. 10 at 12-13.]  In support, Mr.

Bruce cites a slew of cases in which "procedural mishap[s]" were deemed outside of the scope of

the FDCPA.  *Id.*  For example, in *Anglin v. Merchs. Credit Corp.*, a collection attorney moved

for wage garnishment before all counterclaims in the matter had been dismissed.  2020 U.S. Dist.

LEXIS 125009, at *3 (W.D. Wash. July 15, 2020).  Because the remaining counterclaims were

not yet dismissed, the attorney's garnishment request technically preceded the finalization of the

debtor's judgment and was not legally permissible.  *Id.* at *12.  But, when the debtor sued the

collection attorney under the FDCPA alleging that he had attempted to take illegal action by

moving for garnishment too early, the Court found that he had failed to state a claim because

"such procedural mishaps in state court cannot be the basis for a FDCPA claim."  *Id.*  (collecting

cases). Accordingly, Mr. Bruce contends that his improper request for default, failure to serve, and request for garnishment based on faulty default judgment were all "procedural mishaps" not actionable under the FDCPA. [*See* R. 10 at 12-14.]

In response, Mr. Hrdlicka cites cases in which courts have found that improperly moving for default and failing to serve a default motion are actionable under the FDCPA. For example, Mr. Hrdlicka cites *Schendzielos v. Borenstein*. In *Schendzielos*, a district court found a debt collector's statement that a debtor "ha[d] failed to answer the Complaint or otherwise file a responsive pleading with the time allowed" to have potentially violated the FDCPA. *Id.* at *18-*19. In explanation, the Court indicated that falsely representing that a debtor had not answered a Complaint "could be facially deceptive when viewed from the perspective of the average debtor. [Because] [a] court proceeding is very confusing and intimidating process for most individuals and certainly for the least sophisticated debtor." *Id.* Consequently, the court held that filing an improper default judgment could have caused "the average debtor [to] second guess whether he had actually filed his answer […]" or worry that his answer was procedurally flawed," and that, accordingly "a reasonable jury could [have] determined [the] statement to be facially deceptive to the least sophisticated consumer." *Id.*

Similarly, Mr. Hrdlicka cites several cases in which district courts have found that a debtor collector's failure to serve a motion for default judgment to constitute a violation of Section 1692e. *See, e.g., Weinstein v. Mandarich Law Grp., LLP*, 2018 U.S. Dist. LEXIS 201605, at *8 (W.D. Wash. Nov. 28, 2018) ("[t]he natural consequence of these failures was that Mandarich used false, deceptive, or misleading representations to a court in connection with the collection of and characterization of the amount of this debt"); *Coleman v. Berman & Rabin, P.A.*, 2015 U.S. Dist. LEXIS 97397, at *11-*14 (E.D. Mo. July 27, 2015) (failing to serve a

motion for default judgment on a debtor constituted a violation of Section 1692e(5)) (citing *Harrington v. CACV of Colo., LLC*, 508 F. Supp. 2d 128, 136 (D. Mass. 2007) ("[A] fraudulent motion for default [] also constitute[s] a threat 'to take action that cannot legally be taken' in violation of § 1692e(5)); *but see Mitchell v. Patenaude & Felix APC*, 2019 U.S. Dist. LEXIS 146844, at *14 (holding that failing to serve a debtor a motion for default violated Section 1692e(10) but not Section 1692e(5) because no 'threat[] to take action that was unlawful' had occurred).[6]

Upon review, the Court finds that Mr. Hrdlicka has stated a claim under Section 1692e(5) and (10) based on Mr. Bruce's improper request for default judgment and failure to serve. Conversely, his claims under these sections premised on Mr. Bruce's defense against his wage garnishment challenge warrant dismissal. In this matter, Mr. Bruce filed for default judgment after Mr. Hrdlicka had answered the collection lawsuit complaint. [R. 8-5.] And in his motion for default, Mr. Bruce falsely represented that Mr. Hrdlicka "ha[d] failed to plead or otherwise defend the above entitled action and that the time for filing such pleading has expired." *Id.* The state court then granted faulty default judgment against Mr. Hrdlicka, in apparent reliance on Mr. Bruce's false representation. [R. 8-6.] Unlike in the cases Mr. Bruce relies on, his request for default judgment was more than "procedural mishap"—it was a "false, deceptive, or misleading representation [] in connection with the collection of any debt" that seemingly caused faulty default judgment to be entered. 15 U.S.C. § 1692e. Accordingly, Mr. Hrdlicka's Section 1692e(5) and (10) claims premised on Mr. Bruce's improper motion for default survive dismissal.

---

[6] The Court notes, however, that Mr. Hrdlicka did not provide briefing on the sufficiency of his claim that § 1692e(5) was violated by Mr. Bruce's defense against his wage garnishment challenge.

Similarly, Mr. Hrdlicka's Section 1692e(5) claim against Mr. Bruce premised on his failure to serve his motion for default survives dismissal.  Though at least one district court has ruled that failure to serve does not constitute a "threat to take any action that cannot legally be taken," the Court finds the reasoning of *Coleman* more persuasive.  *Compare Coleman*, LEXIS LEXIS 97397, at *11-*14 *with Mitchell*, LEXIS 146844, at *14.  In *Coleman*, the district court found that where there "was no attempt to serve the amended petition upon [a] plaintiff, as opposed [to] an ineffective attempt to serve," an FDCPA violation under Section 1692e(5) had occurred because it is reasonable to conclude that a debtor's ability to defend their case would be compromised without service.[7]  *See id.* at *15.  In this matter, Mr. Hrdlicka has plausibly pled facts which indicate that the least sophisticated consumer would have not been able to properly defend their case due to Mr. Bruce's actions.  In fact, until Mr. Hrdlicka attained counsel, he did not even challenge Mr. Bruce's attainment of obviously faulty default judgment.  Instead, he only challenged the amount of debt he was adjudged to owe.  [R. 8 at 4-5.]  Accordingly, Mr. Hrdlicka has stated a claim under 1692e(5) premised on Mr. Bruce's failure to serve.

But Mr. Hrdlicka's Section 1692e(5) claim premised on Mr. Bruce defending against his wage garnishment challenge is dismissed.  In his Complaint, Mr. Hrdlicka alleges that Mr. Bruce violated Section 1692e(5) by "arguing that the Default Judgment was correct in Response to Wage Garnishment despite that fact that Mr. Hrdlicka has filed a timely answer to [the] Lendmark Collection Complaint."  [R. 8 at 11.]  But, unlike Mr. Bruce's filing for default and failure to serve, the "least sophisticated consumer" would have understood that a response from

---

[7] Though Mr. Bruce alleges his actions to have been negligent, "[A]n unintentional misrepresentation can be actionable under § 1692e.  If […] only misrepresentations made with intent to mislead were actionable under § 1692, there would be no need for the bona fide error defense in § 1692k(c)."  *Burke v. Messerli & Kramer, P.A.,* 2010 U.S. Dist. LEXIS 81091, at *8 (D. Minn. Aug. 9, 2010) (internal citations omitted).

the opposing party follows a wage garnishment challenge. *See Anglin*, LEXIS 125009 at *12 ("The appropriate response was to contest the garnishment in the court from which it was issued – which Plaintiffs did. The [court] agreed with Plaintiff and granted them the relief they requested: it quashed the writ."). In this matter, Mr. Hrdlicka's employer was served with a writ of garnishment—and before hiring an attorney, Mr. Hrdlicka filed a challenge to garnishment. [*See* R. 8-7.] In opposition to his challenge, Mr. Bruce responded. The least sophisticated consumer would have expected a response and would not have been prejudiced by its filing. Accordingly, Mr. Hrdlicka has failed to state a claim under Section 1692e(5) premised on Mr. Bruce's filing of a response in opposition to his wage garnishment challenge.[8]

### 4

Finally, the Court turns to Mr. Hrdlicka's claim that Mr. Bruce violated 15 U.S.C. § 1692f by filing for default, failing to serve the motion for default, and responding in opposition to his wage garnishment challenge. [R. 8 at 11.] Section 1692(f) prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. As discussed previously, Section 1692f provides a list of conduct that violates its proscription but also indicates that the list is not a limitation on the statute's general applicability. *See id.* Mr. Hrdlicka only claims that Mr. Bruce's actions violated Section 1692f's general proscription. Neither party explicitly briefs Mr. Hrdlicka's Section 1692f claim in their filings and instead rely on their Section 1692e briefing regarding the sufficiency of Mr. Hrdlicka's Section 1692f claim.

---

[8] Mr. Hrdlicka does not argue that the filing of the writ itself violated the FDCPA. Instead, he only contends that Mr. Bruce violated the FDCPA by filing a response in opposition to his garnishment challenge. [*See* R. 8 at 11.] Though the least sophisticated consumer might have been harmed by the filing of the writ, he is not harmed by the filing of a response in opposition to his garnishment challenge.

For similar reasons as discussed in the Section 1692e portion of this order, the Court finds Mr. Hrdlicka to have sufficiently pled a claim under Section 1692f premised on Mr. Bruce's improper request for default and failure to serve, but not when premised on Mr. Bruce's response in opposition to Mr. Hrdlicka's wage garnishment challenge. This is because, while the least sophisticated consumer may be misled or prevented from properly defending their case when a debt collector improperly moves for default or fails to serve a motion, there is nothing inherently "unfair or unconscionable" about responding to a motion in opposition. *See Agir v. Gryphon Solutions, LLC*, 2013 U.S. Dist. LEXIS 113575, at *38 (N.D. Ca. Aug. 9, 2013) (holding that responding in opposition to a motion to set aside did not violate Section 1692f because the defendant was simply "pursu[ing] a legal determination of the status of the Default Judgment."). Accordingly, Mr. Hrdlicka's Section 1692f claim survives dismissal on two of the three grounds he presents.

### III

So, where does this leave Mr. Hrdlicka's Complaint? The Court has dismissed all claims pertaining to Mr. Bruce's request for attorney's fees and Mr. Bruce's response in opposition to Mr. Hrdlicka's wage garnishment challenge. As a result, the only claims that survive dismissal in this matter are Mr. Hrdlicka's Section 1692f and Section 1692e(5) claims premised on Mr. Bruce's improper filing for default and failure to serve, and Mr. Hrdlicka's Section 1692e(10) claim premised on Mr. Bruce's filing for default. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Bruce's Motion to Dismiss [R. 10] is **GRANTED IN PART** and **DENIED IN PART**;

2.  Mr. Bruce's Motion to Dismiss [R. 7] filed prior to Mr. Hrdlicka's Amended Complaint, is **DENIED AS MOOT**;

3.  Mr. Hrdlicka's claims under Section 1692f and 1692e(5) premised on Mr. Bruce's response in opposition to his wage garnishment challenge are **DISMISSED**;

4.  Mr. Hrdlicka's claims under Sections1692e(2)(A), 1692e(2)(B), 1692f(1), and 1692(f) pertaining to Mr. Bruce's requests for attorney's fees are **DISMISSED.**

This the 11th day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge