UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ERIC HRDLICKA, ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:21-cv-00033-GFVT |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JAMES E. BRUCE, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Eric Hrdlicka sued attorney James E. Bruce after Mr. Bruce took steps to collect an outstanding debt Mr. Hrdlicka owed to Lendmark Financial Services, LLC.  Mr. Hrdlicka alleged that Mr. Bruce's actions, including filing for default judgment, failing to serve him copies of motions, attempting to garnish his wages, and asking the state court to award attorney's fees violated the Fair Debt Collection Practices Act.  [R. 1 (citing 15 U.S.C. § 1692 *et seq.*).]  In opposition, Mr. Bruce filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  [R. 10.]  Upon review, the Court dismissed Mr. Hrdlicka's claims premised on Mr. Bruce's attempt to garnish his wages and request for attorney's fees, but left pending his claims premised on Mr. Bruce's filing for default judgment and failure to serve.  [R. 13.]  Each party now seeks reconsideration.  [R. 15; R. 18.]  Because neither party has demonstrated that a clear error of law was committed, however, both requests for reconsideration are **DENIED**.

**I**

Though the Court incorporates by reference the facts described in its earlier Memorandum Opinion & Order [R. 13], it will also provide an overview of key facts in this Opinion.  In July 2020, Plaintiff Eric Hrdlicka entered into a personal loan with Lendmark

Financial Services, LLC, which was secured by a lien on his 2007 Chevrolet Silverado. [R. 8 at 2.] When Mr. Hrdlicka's Chevrolet was totaled in a vehicular accident, however, his insurance provider "paid Lendmark by check" the value of his vehicle. *Id.* After Mr. Hrdlicka failed to pay the remainder of the balance on his loan, however, Defendant James E. Bruce filed a collection suit against him on behalf of Lendmark in Kentucky state court. [R. 8-2.] Though Mr. Hrdlicka alleges that he filed a *pro se* answer to Lendmark's Complaint, Mr. Bruce nonetheless sought default judgment from the state court and stated that "[Mr. Hrdlicka] has failed to plead or otherwise defend the above entitled action […]." [R. 1-4 at 2; R. 8 at 3; R. 8-5.] Mr. Bruce also requested attorney's fees from the state court in the amount of $2,162.69. [R. 1-4.] Mr. Bruce did not serve either request on Mr. Hrdlicka. [R. 11 at 2.]

After default judgment was entered against Mr. Hrdlicka, wage garnishment proceedings began. [R. 8-7 at 2-3.] But the state court later vacated its entry of default judgment upon agreement with Mr. Bruce and the collection suit was ultimately dismissed. [R. 10 at 24.] Mr. Hrdlicka then filed suit against Mr. Bruce, alleging that various collection efforts he undertook including filing for default judgment, failing to serve him a copy of his motions, attempting to garnish his wages, and asking the state court to award attorney's fees, violated the Fair Debt Collection Practices Act. [R. 1 (citing 15 U.S.C. § 1692 *et seq.*).] In opposition, Mr. Bruce sought dismissal of all of Mr. Hrdlicka's claims under Federal Rule of Civil Procedure 12(b)(6). [R. 10.] Upon review, the Court dismissed Mr. Hrdlicka's FDCPA claims premised on Mr. Bruce's involvement in Mr. Hrdlicka's wage garnishment proceedings and request for attorney's fees to the state court. [R. 13 at 23-24.] Mr. Hrdlicka's FDCPA claims premised on Mr. Bruce's filing for default judgment and failing to serve his motions survived dismissal. *See id.*

Now, both Parties seek reconsideration. In his Motion, Mr. Hrdlicka argues that the Court inappropriately dismissed his FDCPA claims premised on Mr. Bruce's request for attorney fees by failing to consider that Mr. Bruce sought fees which may have exceeded the statutory amount he was authorized to receive under Kentucky law. [R. 18.] Mr. Bruce, on the other hand, argues that the Court erred by failing to dismiss Mr. Hrdlicka's FDCPA claims premised on his request for default judgment and failure to serve based on public policy considerations. [R. 15.] Upon review, the Court finds neither argument to be meritorious.

## II

Rule 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See also, ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

### A

The Court turns first to Plaintiff Hrdlicka's Motion for Reconsideration [R. 18.**]** In his Motion, Mr. Hrdlicka argues that the Court committed a clear error of law when it held that Lendmark "'promised' to pay Bruce a collection fee of 'one third of the amount of the *debt*" that Mr. Hrdlicka owed, instead of one third of the amount of the debt Mr. Bruce actually *collected*. [R. 18 at 1-3.] In his Complaint, Mr. Hrdlicka argued that Mr. Bruce's request for $2,162.69 in attorney's fees was violative of the FDCPA because Bruce had not "actually incurred" that

3

amount of fees as mandated by Kentucky law. [R. 11 at 14.] In its Memorandum Opinion & Order [R. 13], the Court analyzed case law and held that Mr. Bruce's request was not in violation of Kentucky law (and thereby a "false representation" or "unfair practice" under the FDCPA) because his agreement with Lendmark permitted him "a collection of one-third of the amount of Mr. Hrdlicka's debt" and that the debt had been "actually incurred" by Lendmark. [R. 13 at 14.] Mr. Hrdlicka now argues that this conclusion was incorrect because Mr. Bruce's agreement with Lendmark only permitted him to collect "one-third of the amount [of Mr. Hrdlicka's debt] *collected*," not one-third of the *total debt owed*. [R. 1 at 10; R. 1-4 at 4.] Mr. Hrdlicka contends that the Court's rationale was rooted in a misunderstanding of the terms of Mr. Bruce's agreement. [R. 18 at 1-3.]

Mr. Hrdlicka also cites *Key v. Mariner Finance, LLC*, 617 S.W.3d 819, 823-26 (Ky. Ct. App. 2020). In *Key*, the Kentucky Court of Appeals held that a lower court's approval of fees attained in a collection suit was an abuse of discretion because the court had not determined whether the requested fees were "incurred" by the lender as required by Kentucky law. *Id.* at 825-26 (citing *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991)). Here, Mr. Hrdlicka contends that Mr. Bruce's request for attorney's fees violated the FDCPA because he falsely represented that he was owed fees more than the amount he had actually "incurred" and because the least sophisticated consumer would have been misled by his request which rendered it an unfair collection practice. [*See* R. 18 at 6.]

In opposition to reconsideration, Mr. Bruce argues that the Court did not commit a clear error of law and that his request for fees was not violative of the FDCPA because he neither "falsely represented" that he was owed a certain amount of attorney's fees in excess of his documented expenses nor used "unfair or unconscionable means" to collect fees. [R. 21 1-3.]

4

Instead, Mr. Bruce argues that his request for fees was just that—a request subject to approval or denial by the state court. *See id.* Mr. Bruce further argues that *Key* is "wholly irrelevant and does not change the outcome" of the Court's original holding. [R. 21 at 3.] First, Mr. Bruce argues that *Key* simply held that the lower court should have determined whether a collection agency had "incurred" fees, not that the agency's request for fees was itself inappropriate. *Id.* at 4-5. And, regarding Mr. Hrdlicka's argument that a request for fees was an "unfair" practice under the least sophisticated consumer standard, Mr. Bruce argues that "[t]he least sophisticated consumer displaying a willingness to read with care would understand that […] Mr. Bruce did not claim any entitlement to attorney's fees." *Id.* at 5-6.

The Court agrees that it incorrectly understood Mr. Bruce to have "actually incurred" his total amount of requested fees, but finds dismissal is still warranted. It is evident that the Court misunderstood the agreement between Lendmark and Mr. Bruce as indicating that Mr. Bruce "incurred" fees in the total amount of debt *owed* by Mr. Hrdlicka when, instead, Mr. Bruce's agreement with Lendmark only permitted him to fees "one-third of the amount *collected*." [R. 1-4 at 4.] But despite its error, the dismissal of Mr. Hrdlicka's claims based on Mr. Bruce's request for attorney's fees was appropriate because Mr. Bruce never represented that he had incurred $2,162.69 in fees. Instead, Mr. Bruce requested approval of an amount of fees he believed to be reasonable. *Id.* Though, under *Key*, it appears that the state court should have first determined whether he had actually "incurred" his requested before granting his request, no portion of Mr. Bruce's request contained a "false representation" of the amount of fees he was owed, and the scope of this Court's review does not extend to the sufficiency of actions taken by the state court. As a result, the Court's dismissal of Mr. Hrdlicka's claims made under 15 U.S.C. §§ 1692e(2)(A) and (B) was not clearly erroneous.

5

Similarly, the dismissal of Mr. Hrdlicka's 15 U.S.C. § 1692f and f(1) claims related to Mr. Bruce's request for attorney's fees was not clearly erroneous. In his request, Mr. Bruce moved for the state court to award him fees and explained why he believed the amount of his requested fees to be reasonable. [*See* R. 8 at 8-9.] Requesting an amount of fees from the state court is not an unfair practice when the request is not coupled with misleading statements. Here, Mr. Bruce did not misrepresent that he was owed a certain amount of fees; instead, he asked the state court to review his request and determine whether it was reasonable. Even the least sophisticated consumer generally understands that an opposing party is likely to request forms of relief from the court system and that he must be prepared to respond in opposition if he believes a request improper. Simply "employing the court system […] is not an abusive tactic under the FDCPA," and Mr. Bruce did not unfairly mislead or deceive Mr. Hrdlicka into believing his request was reasonable by arguing in favor of his position. *Harvey v. Great Seneca Fin. Corp.*, 53 F.3d 324, 330 (6th Cir. 2006). As a result, Mr. Hrdlicka's Motion [R. 18] is **DENIED**.

B

Defendant Bruce's Motion for Reconsideration [R. 15] also lacks merit. In its Memorandum Opinion & Order [R. 13], the Court declined to dismiss Mr. Hrdlicka's claims made pursuant to 15 U.S.C. § 1692 *et seq.* premised on Mr. Bruce's filing for default judgment and failure to serve. [R. 13 at 18-23.] First, the Court held that the Complaint sufficiently included facts which gave rise to the plausibility that Mr. Bruce had falsely certified that Mr. Hrdlicka had failed to answer Lendmark's Complaint in violation of the FDCPA and that his false certification led to faulty default judgment being entered. [R. 13 at 18-20.] Second, the Court held that "Mr. Hrdlicka ha[d] plausibly pled facts which indicate that the least

6

sophisticated consumer would have not been able to properly defend their case" because Mr. Bruce failed to serve his motions onto Mr. Hrdlicka. [R. 13 at 21.]

In his Motion for Reconsideration, Mr. Bruce contends that the Court committed a clear error of law by not dismissing Mr. Hrdlicka's claims premised on Bruce's request for default judgment and failure to serve. In support, Mr. Bruce argues that it was Mr. Hrdlicka's initial failure to serve *his* answer on Mr. Bruce which caused Bruce to believe that no answer had been filed in state court, that his request for default judgment was appropriate, and that he did not need to serve any subsequent motions onto Mr. Hrdlicka. [R. *See* R. 15 at 3-4; R. 19 at 4 ("Accepting Mr. Hrdlicka's argument would require this Court to create a new duty upon Kentucky attorneys and allow Mr. Hrdlicka to effectively create federal civil liability based on Mr. Hrdlicka's own failure to comply with the Kentucky Rules of Civil Procedure.").]

Further, Mr. Bruce contests the Court's reliance on multiple cases and argues that the facts of those cases are either too different or more egregious to be properly relied upon. [*See* R. 15 at 7-11; *e.g. Schendzielos v. Borenstein*, 2016 U.S. Dist. LEXIS 18354, at *2 (where a party *knew* a timely answer had been filed but still failed to serve motions).] Because he contends the fault to be Mr. Hrdlicka's and that the Court to have improperly relied on certain case law, Mr. Bruce requests reconsideration. In opposition, Mr. Hrdlicka argues that Mr. Bruce is simply reiterating previously made arguments, which is inappropriate by way of Rule 59 motion, and that his hands are not as clean as he suggests. [R. 16.]

Mr. Bruce's arguments are unpersuasive. First, it is irrelevant whose actions caused Mr. Bruce to allegedly make a false representation at the motion to dismiss stage. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 Fed. App'x 552, 556 (6th Cir. 2012); *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991

7

(7th Cir. 2003) ("§ 1692e applies even when a false representation was unintentional."); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("intent is only relevant to the determination of damages."). In his motion for default judgment, Mr. Bruce stated that "the Defendant has failed to plead or otherwise defend the above entitled action […]" and later certified that every statement made in his Motion was true. [R. 1-4 at 2, 7.][1] Mr. Hrdlicka has pled that these statements constituted false representations and an unfair debt collection practice because he *had* filed an answer. [R. 1 at 2.] Despite Mr. Bruce's frustration with the strict liability regime of the FDPCA, questions like whether Mr. Hrdlicka filed an answer in accordance with Kentucky Civil Procedure rules, whether Mr. Bruce is to blame for not being aware that Mr. Hrdlicka had answered, or whether public policy should permit Mr. Bruce to be found liable in this matter are not relevant analyses under Rule 12(b)(6). Accordingly, his Motion [R. 15] is **DENIED**.[2]

---

[1] It appears that the "certification" portion of Mr. Bruce's Motion is linked to Mr. Bruce's request for attorney's fees. It is unclear whether his Motion for Default Judgment and Motion for Attorney's Fees were both subject to the certification line. This fact is not dispositive however, because both the statement within his Motion and later certification of its truth are pled to be false. [*See* R. 1 at 2; R. 1-4 at 2, 7.]

[2] But this holding does not necessarily mean that Mr. Bruce is wholly without reprieve. Though the FDCPA is a strict liability statute, its bona-fide error exception establishes a liability shield when a debt collector "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. § 1692k(c). While the applicability of this defense has not yet been briefed in this matter, the Court notes that many of Mr. Bruce's concerns about intent and fault appear to be made pursuant to § 1692k(c). But a 1692k(c) analysis is not appropriate at the dismissal stage. *See, e.g. Dues v. Capital One, NA,* 2011 U.S. Dist. LEXIS 96435, *8 n.2 (E.D. Mich. Aug. 8, 2011) (finding the assertion of a §1692k(c) defense inappropriate at the motion to dismiss stage because motions to dismiss "tests only the legal sufficiency of the complaint.").

### III

Having reviewed both Parties' Motions, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff's Motion to Reconsider [R. 18] and Defendant's Motion to Reconsider [R. 15] are both **DENIED**.

This the 22d day of July, 2022.

Gregory F. Van Tatenhove
United States District Judge