UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:21-CV-00033-GFVT-EBA

ERIC HRDLICKA,                                                                                         PLAINTIFF,

V.                      **MEMORANDUM OPINION & ORDER**

JAMES E. BRUCE,                                                                                         DEFENDANT.

*** *** *** ***

Plaintiff Eric Hrdlicka took out a personal loan with Lendmark Financial Services, LLC in July 2020. The loan was secured by his 2007 Chevrolet Silverado, which he totaled later that year. Hrdlicka's insurance paid him the value of the Silverado, which Hrdlicka in turn paid toward his Lendmark loan balance. However, the remaining balance of the loan went unpaid, and the loan defaulted in January 2021. On January 29, 2021, Defendant James E. Bruce, on Lendmark's behalf, filed a collection suit against Hrdlicka in Shelby Circuit Court. Hrdlicka filed a *pro se* answer on February 12, 2021.

On March 8, 2021, Bruce filed a Motion for Default Judgment and a Motion for Attorney's Fees, erroneously certifying that Hrdlicka had "fail[ed] to plead or otherwise defend against the action." [R. 8 at pg. 3; R. 8-5]. The motion was not served upon Hrdlicka. The Shelby Circuit Court granted default judgment and Bruce's motion for attorney's fees on March 24, 2021. Bruce then proceeded to file for wage garnishment and served it upon Hrdlicka's employer. Hrdlicka challenged the garnishment, which Bruce opposed. Ultimately, the Shelby Circuit Court vacated its entry of default judgment and ordered Lendmark to arbitrate the matter as required by its own contract. When Lendmark failed to initiate arbitration proceedings, the court ultimately dismissed

the collection suit against Hrdlicka with prejudice.

Hrdlicka filed the instant action against Bruce on August 3, 2021, alleging various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). Among those allegations are two remaining claims that Bruce (1) improperly filed for default and failed to serve him with a copy of the filing in violation of Section 1692f and Section 1692e(5); and (2) improperly filed for default in violation of Section 1692e(10). [R. 1]; *see also* [R. 13] (granting in part and denying in part Bruce's Motion to Dismiss). As to damages, Hrdlicka alleges that he is entitled to the costs arising from the state court action, including the attorney's fees he incurred as a result of Bruce's alleged FDCPA violations.

The Court entered a Scheduling Order and discovery commenced on July 15, 2022. [R. 23]. Now, Bruce moves the Court to compel certain "documents supporting [Hrdlicka's] claim for these actual damages, including any contract for legal services, engagement letter, solicitation letters from his counsel, invoices, time sheets, and proof of payment." [R. 29 at pg. 2]. Bruce also objects to Hrdlicka's designation of various discovery responses as confidential under the Agreed Protective Order. [*Id.*]. Finally, Bruce moves to amend the Scheduling Order to allow additional discovery after the resolution of his Motion to Compel and Objections. [*Id.*]. This matter has been fully briefed and is ripe for review.

**I.**

Rule 26(b)(1) provides that, unless otherwise limited, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This language is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). The scope of discovery, however, is not without limitation. It is "well

established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). As such, "[a] ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Id.*

When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information. Fed. R. Civ. P. 37(a)(3)(B). Motions to compel may be filed where a party has failed to (1) provide a mandatory disclosure; (2) answer or admit an interrogatory or request for admission; or (3) produce discoverable information, materials, or documents. *See generally* Fed. R. Civ. P. 37. The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1), Advisory Committee's Note to 2015 Amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). Should the court determine the matters sought to be compelled to fall within the scope of Rule 26, the motion shall be granted.

## II.

The Court will first address Bruce's Motion to Compel. [R. 29]. In this case, Bruce served the following Request for Production of Documents upon Hrdlicka:

> If you allege actual damages in the form of attorney's fees allegedly incurred in the State Court Action, produce all documents proving the amount of attorney's fees allegedly incurred for representation in the State Court Action, including but not limited to, any engagement letter or contract showing your obligation to pay such attorney's fees, all invoices received for such work from the date of engagement through the date of your Response to this Request for Production of Documents, and proof of payment of those attorney's fees.

[R. 29 at pg. 4; R. 29-1 at pg. 10].  Hrdlicka objected to the request on the basis that it "seeks documents which are protected by attorney-client privilege."  [R. 29-2 at pg. 4].

After some back-and-forth between the parties, the parties finally entered into an Agreed Protective Order.  [R. 25].  On January 4, 2023, Hrdlicka supplemented his discovery, generally indicating in his communication to Bruce that the responses are subject to the Agreed Protective Order, a designation to which Bruce objects.  [R. 31].  Hrdlicka did not supplement with any documents at that time but later avers in his Response that he served redacted copies of documents subject to Bruce's motion, thus mooting the motion.  [R. 31 & 33].

This Court has jurisdiction by way of federal question jurisdiction, so federal law governs issues of privilege.  *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992).  Information is protected by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998).  Generally, facts related to legal consultation, employment, clients' identities, attorney's fees, and the scope and nature of employment are not protected by attorney-client privilege.  *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985).

Courts in this circuit have found parties to have waived their privilege to information when a party puts the information directly "at issue" in the federal action.  *See, e.g.*, *S. Coal Sales Corp. v. RockTenn CP, LLC*, Civil Action No. 6: 15-cv-018-DCR, 2016 U.S. Dist. LEXIS 139073, at *27 (E.D. Ky. Sep. 6, 2016); *Robinson v. Wells Fargo Bank, N.A.*, No. 3:17-cv-261, 2018 U.S. Dist. LEXIS 37311, at *10 (S.D. Ohio Mar. 7, 2018) (ordering plaintiffs to produce attorney fee agreement related to underlying foreclosure action when they sought attorney's fees as actual

damages); *Tullis v. Umb Bank, N.A.*, No. 3:06 CV 7029, 2011 U.S. Dist. LEXIS 139368, at *24 (N.D. Ohio Dec. 5, 2011) (denying motion to quash subpoena *duces tecum* for records of billings received by legal counsel by defendant because attorney-client privilege does not extend to payment records).

Hrdlicka's assertion of attorney-client privilege as to Bruce's Requests for Production is unavailing. Attorney-client privilege would only apply insofar as the documents, records, or agreements necessitate the disclosure of communications between Hrdlicka and counsel about legal advice or strategy. The amount of money paid, or to be paid, by Hrdlicka is generally not privileged unless he demonstrates an extraordinary circumstance applies. *Humphreys*, 755 F.2d 1211, 1219. Hrdlicka fails to demonstrate that *any* circumstance—extraordinary or otherwise— applies so as to justify protecting the type of discovery that Bruce seeks.

Hrdlicka claims Bruce's motion is moot because he provided responsive and redacted documents, but his Response fails to explain the purpose of such redactions or provide legal support for producing only redacted versions of otherwise discoverable documents. Accordingly, the Court shall grant Bruce's motion to compel unredacted documents supporting Hrdlicka's asserted attorney's fees as actual damages and documents itemizing the legal services performed in the underlying state court action.[1]

### III.

Bruce also objects to Hrdlicka's designation of certain discovery responses as confidential pursuant to their Agreed Protective Order. Hrdlicka claims that Bruce's objections were mooted after he withdrew their confidentiality designation on March 3, 2023 through correspondence to

---

[1] It is worth addressing Hrdlicka's Response, wherein he states he provided Bruce redacted copies of responsive documents according to the Agreed Protective Order. [R. 33 at pg. 1]. The Agreed Protective Order, however, does not contain any provision regarding redaction. The parties' option, to protect the confidentiality of information within the scope of discovery under Rule 26, is to designate it confidential following the procedure set forth in the Agreed Protective Order.

Bruce (which neither party provided the Court). [R. 33]. Bruce asserts that his objections are not mooted because Hrdlicka designated that same March 3 correspondence as confidential.

As Hrdlicka has withdrawn his confidentiality designations as to the supplemental discovery produced on January 4, 2023, Bruce's objections are indeed moot. Additionally, Bruce's objection to Hrdlicka's March 3 correspondence being designated as confidential, raised in a Reply, is not proper because the Court does not consider arguments raised for the first time in a Reply brief. *Bolton v. United States*, 2017 U.S. Dist. LEXIS 8855, 2017 WL 325253, at *5 n.4 (E.D. Tenn. Jan. 23, 2017) (noting that "the scope of such a reply is limited to rebuttal of arguments raised in the response"). Moreover, Bruce has not offered any representation that he has complied with the Agreed Protective Order, which provides a specific mechanism for challenging a confidentiality designation:

> With respect to any information or document, or portion thereof, that has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

[R. 25 at ¶ 10]. Accordingly, the Court shall overrule Bruce's objections raised in his initial motion as moot, and withhold a ruling on any challenges to confidentiality designations until such challenges are properly brought before the Court.

**IV.**

Finally, the Court is left with two matters related to the case schedule. First, Hrdlicka filed a motion for extension of time to file a Response to Bruce's motion and objections. Bruce did not file a response, and the Court finds good cause to justify a brief extension of time for Hrdlicka to respond.

Second, Bruce moves to amend the Scheduling Order in this matter. Hrdlicka does not

oppose the motion. Given that during the pendency of Bruce's motion, the discovery deadline passed, the Court finds good cause for an amendment to the Scheduling Order and a brief extension of all remaining deadlines.

**V.**

Having fully considered the matter, and the Court being otherwise sufficiently advised,

IT IS ORDERED that:

1. Bruce's Motion for Leave to Seal [R. 30] is DENIED, and [R. 31] shall be UNSEALED;

2. Hrdlicka's Motion for Extension of Time to file a Response [R. 32] is GRANTED;

3. Bruce's Motion to Compel [R. 29] is GRANTED;

4. Bruce's Objections to Hrdlicka's Confidentiality Designations [R. 29] are OVERRULED as moot; and

5. Bruce's Motion to Amend the Scheduling Order [R. 29] is GRANTED as follows:

   a. <u>Fact Discovery Deadline</u> – **July 24, 2023**

   b. <u>Expert Discovery</u> – no later than **July 24, 2023**

   c. <u>Supplementation Deadline</u> – **August 28, 2023**.

   d. <u>Dispositive Motions, Motions in Limine, and/or Daubert Motions Deadline</u> – **January 8, 2024**

   e. <u>Final Pretrial Conference</u> – the Final Pretrial Conference is hereby scheduled for **Monday, March 25, 2024 at 2:30 p.m.** in the Courtroom of the United States Courthouse in Frankfort, Kentucky.

   f. **No later than thirty (30) days prior to the Final Pretrial Conference**, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the

following, each to be filed as a separate document:

    i. Pursuant to Rule 26(a)(3)(A)(i), a witness list with a brief summary of the expected testimony of each witness. Pursuant to Rule 26(a)(3)(A)(ii), the witness list shall be filed separately and include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list.

    ii. Pursuant to Rule 26(a)(3)(A)(iii), a list of exhibits intended to be used at trial. The exhibit list shall be filed separately and contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements).

    iii. Page and line designations of witnesses who will testify by deposition.

g. **No later than fourteen (14) days prior to the Final Pretrial Conference**, counsel shall file:

    i. Written objections, pursuant to Fed. R. Civ. P. 26(a)(3)(B), to the list of witnesses and exhibits previously filed by any other party. Counsel shall attach a copy of the challenged exhibit(s) to any objections filed with the Court. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of

>   Evidence, shall be deemed waived unless excused by the court for good cause shown.
>
>   ii.  Objections and counter-designations to deposition testimony.
>
>   iii. Responses to Motions in Limine.
>
> h. **No later than ten (10) days prior to the Final Pretrial Conference**, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, each to be filed as a separate document:
>
>   i.  A pretrial memorandum containing the following:
>
>     A. Succinct statement of the facts of the case;
>
>     B. The questions of fact;
>
>     C. The questions of law;
>
>     D. Expected evidentiary objections;
>
>     E. A listing of all pending motions;
>
>     F. The status of settlement negotiations and the likelihood of settlement; and
>
>     G. The feasibility of alternative dispute resolution. Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, summary jury trial, etc.).
>
>   i.  A copy of the Agreed Proposed Jury Instructions shall also be filed separately, with supporting authorities. If the parties cannot agree on certain instructions, counsel shall file with the Clerk, shall submit

     a copy to the Court, and shall provide a copy to opposing counsel of their separately proposed instructions with supporting authorities. **Failure to submit jury instructions within the time provided may result in cancellation of the Final Pretrial Conference and Trial dates.**

  ii. An Agreed Statement of the Case suitable for reading to the prospective jurors on voir dire.

  iii. **Proposed voir dire** questions for consideration by the Court. It is the practice of the undersigned to conduct the entire voir dire, incorporating both general as well as case-specific inquiries. In conducting voir dire, the Court utilizes both its own questions and many of those proposed questions submitted by counsel. In addition to its own voir dire, the Court will allow counsel for both parties a brief opportunity for follow up questions, and the length of time permitted for follow up by counsel will be determined at the Final Pretrial Conference.

  iv. Any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial. Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the Court shall be deemed to be summarily overruled.

 i. At the Final Pretrial Conference, counsel for the parties shall be prepared to:

i. Display to the Court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10 and numbered in the order in which they will be offered at trial and provide a court copy of all documentary exhibits.

ii. Advise the Court that they have displayed to opposing counsel all exhibits which may be used at trial, including any demonstrative or summary exhibits.

iii. Discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action.

iv. Demonstrate an ability to use the court's visual presentation system for any exhibit which will be discussed by a witness or utilized during opening or closing statements. The system can display documents, x-rays, photographs, negatives and videos. The presentation system is designed to display the exhibit simultaneously to the parties, the jury, the witnesses, and the Court. First time users of the system should contact the Court's Judicial Assistant to make arrangements to view the system onsite. Although there is a witness monitor, some witnesses have difficulty reading from the same, so an extra copy to hand to the witness should be readily available. A description of the system can be found at www.kyed.uscourts.gov/court-tech.htm.

v. Discuss the possibility of settlement.

j. **Court Copies.** In addition to the official copies filed with the Clerk of the Court, the following documents shall be submitted to the undersigned's Chambers electronically:

  i. Witness list(s);

  ii. Exhibit list(s);

  iii. Proposed jury instructions;

  iv. Proposed voir dire questions; and

  v. Statement(s) of the case.

   A. These documents shall be transmitted in Word Document format as an email attachment to GFVT_chambers@kyed.uscourts.gov.

k. <u>Jury Trial</u> – this action is hereby set for Jury Trial on **April 9, 2024, at the hour of 10:00 a.m.** in the Courtroom of the United States Courthouse in Frankfort, Kentucky, with counsel to arrive by 9:30 a.m.

l. All other directives shall remain.

Signed May 19, 2023.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge